IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT LEE ADAMS, *

Petitioner *

v * Civil Action No. PX-16-2944

DEPARTMENT OF CORRECTIONS *
  et al.,
Respondents *
*******

**MEMORANDUM**

On August 18, 2016, Robert Lee Adams filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the revocation of his diminution of confinement credits. ECF 1. Respondents move to dismiss the Petition, arguing that Adams failed to exhaust his state administrative remedies prior to instituting this case. ECF 5. The Court agrees.

**I.    Factual Background**

In his Petition, Adams avers that his case manager informed him that he risked losing all of his good conduct credits if he did not enroll in the Gaudenzia Therapeutic Community Program. ECF No. 1, p 1. Adams further claims that he was "forced" to sign a six-month contract with Gaudenzia Program or risk revocation of good conduct credits. *Id.* After five and a half months in the program, Adams was removed from the Gaudenzia Program for various infractions, and received a "ticket" for not completing the program. *Id*. at 2. At Adams' rule violation hearing, the officer stated that "He would not impose no sanctions, no lock up time, no cell restriction" but nevertheless revoked all of Adams' good conduct credits. *Id*. Adams was told that if completed the Gaudenzia Program in the future, he would be awarded all of his lost credits. *Id*. Currently, Adams claims, the Gaudenzia Program is no longer available through the

1

Department of Corrections. *Id.*, p. 3. Adams asks this Court to restore his good conduct credits. *Id.*

## II. Analysis

Sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). When a state law violation does not infringe upon a specific constitutional right, it is cognizable in federal habeas corpus proceedings only where it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). However, if a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). Accordingly, the Court maintains serious reservations that Adams's petition sets forth a legally cognizeable cause of action.

That said, the Court cannot consider the merits of the Petition where, as here, Petitioner has failed to exhaust his state remedies. Adams' petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition

challenging civil commitment). Accordingly, prior to filing his federal petition, Adams must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Fairly presenting each claim to the state courts means Adams must present both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and, where appropriate, the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The purpose of exhaustion is to afford the state courts the first opportunity to review constitutional challenges to state convictions. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Adams may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office ("IGO"). *See generally Adamson v. Correctional Medical Services, Inc.,* 753 A.2d 501 (2000); Md. Code Ann., Corr. Servs. ("CS") § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id*. at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id*. at § 10-210(b)(2). Adams may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, CS § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief

on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

Here, the Court can ascertain no proof that Adams has made any effort to exhaust his administrative remedies. In fact, Adams' filing of a state court petition for habeas corpus contemporaneous with this action (ECF No. 5-5) demonstrates that he has not exhausted state judicial remedies prior to filing the instant Petition. Accordingly, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted. A separate Order follows.

    8/18/01                                                                  /S/    
Date                                                                 Paula Xinis
                                                                       United States District Judge